UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:15-CV-80006-ROSENBERG/BRANNON

SARAH DYKSTRA,

    Plaintiff,

v.

FLORIDA FORECLOSURE ATTORNEYS,
PLLC, a Florida for profit corporation &
RICK FELBERBAUM, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' Motion to Dismiss Complaint for Failure to State a Claim [DE 3]. The Motion has been fully briefed by both sides. The Court has reviewed the documents in this case file and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion is granted.

### I. BACKGROUND

Because the Court accepts all of the allegations in the Plaintiff's Complaint as true for the purposes of the motion to dismiss before the Court, the following background facts are taken from the Plaintiff's Complaint. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). The Plaintiff, Sarah Dykstra, was employed as an Information Technology Director by Defendants, Florida Foreclosure Attorneys, PLLC and Rick Felberbaum. DE 1 ¶ 3–4. On or about March 19, 2014, the Plaintiff suffered a serious health condition, a severe injury to her back, that qualified her for protection under the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). *Id.* at ¶ 13. On or about June 9, 2014, the Defendants

contacted the Plaintiff, informing her that her leave was being designated as FMLA leave. *Id.* at ¶ 14. The Plaintiff's leave commenced on June 9, 2014 and was set to expire on September 6, 2014. *Id.* at ¶ 15. In August, 2014, the Plaintiff contacted the Defendants and advised them that she was ready to return to work and that she was capable of performing the essential functions of her job. *Id.* at ¶ 16. The Defendants informed the Plaintiff that she was not to return to work until she was 100% cured. *Id.*

On September 3, 2014, the Defendants notified the Plaintiff that her medical leave would expire on September 6, 2014 and that she would not be able to return to work without a medical certification. *Id.* at ¶ 17. The Plaintiff advised that she would provide medical certification, but that her doctor required that she not lift anything heavy. *Id.* at ¶ 18. The Plaintiff's employment was terminated. *Id.* at ¶ 19.  Presently before the Court is Defendants' Motion to Dismiss Complaint for Failure to State a Claim.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that any claim contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To comply with Rule 8(a)(2), a complaint must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is plausible on its face where the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's allegations must "give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations; however, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 545. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashford,* 556 U.S. at 678.

### III. DISCUSSION

Defendants argue that the Complaint should be dismissed on the grounds that the Plaintiff has failed to state a claim due to the fact that FMLA specifically authorizes employers to terminate employees who fail to provide fitness-for-duty certificates. The Court finds this argument persuasive, as more fully set forth below.

Under the FMLA, eligible employees are entitled to a total of 12 workweeks of leave during any 12-month period if the employee suffers a serious health condition that makes the employee unable to perform the functions of their position. 29 U.S.C. § 2612(a)(1)(D). An eligible employee who takes leave under the FMLA is entitled, on return from such leave, "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to an equivalent position. 29 U.S.C. § 2614(a)(1)(A) and (B). As a condition to restoration, an employer may require a "certification from the health care provider of the employee that the employee is able to resume work." 29 U.S.C. § 2614(a)(4). FMLA regulations expressly authorize an employer to terminate an employee at the time FMLA leave is concluded if the employee fails to provide a fitness-for-duty certification:

> When requested by the employer pursuant to a uniformly applied policy for similarly-situated employees, the employee must provide medical certification, at the time the employee seeks reinstatement at the end of FMLA leave taken for the employee's serious health condition, that the employee is fit for duty and able to return to work (see § 825.312(a)) if the employer has provided the required notice (see § 825.300(e)); the employer may delay restoration until the certification is provided. Unless the employee provides either a fitness-for-duty certification or a new medical certification for a serious health condition at the time FMLA leave is concluded, the employee may be terminated.

29 C.F.R. § 825.313(d); *see also Burkett v. Beaulieu of America, Inc.*, 168 F. App'x 895, 896 (11th Cir. 2006) ("The FMLA regulations grant an employer discretion to terminate an employee who fails to comply with a broadly applicable policy requiring a fitness-for-duty certificate prior to returning to work.").

In her Complaint, the Plaintiff alleges that she was notified by the Defendants that "she would not be able to return to work without medical certification." DE 1 ¶ 17. The Complaint also states that the "Plaintiff advised that she *would* provide a medical certification, but that her doctor required she not lift anything heavy." *Id.* at ¶ 18 (emphasis added). The Complaint does not allege that the medical certification was in fact provided to the Defendants nor does the Plaintiff argue under any applicable exception that the production of a certificate was not required.[1] FMLA regulations expressly authorize an employer to terminate an employee who fails to provide a fitness-for-duty certification at the time FMLA leave is concluded. 29 C.F.R. § 825.313(d).

In light of the fact that (i) the Plaintiff does not allege that a medical certificate was provided to the Defendants, (ii) the Plaintiff does not argue or allege an exception applies that would negate the need to provide a medical certificate, and (iii) under FMLA regulations, the Defendants were authorized to terminate Plaintiff at the conclusion of her leave for failure to provide a fitness-for-duty certification absent an applicable exception, the Complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft*, 556 U.S. at 663. For this reason, the Court grants the

---

[1] In her Response in Opposition to Defendant's Motion to Dismiss, the Plaintiff does allege that she provided the Defendants with a fitness-for-duty certification. However, a plaintiff cannot amend the complaint in her brief in opposition to a motion to dismiss. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

Defendants' Motion to Dismiss. The Plaintiff's interference with right to take leave (Count I) and FMLA discrimination (Count II) claims are therefore dismissed without prejudice.

## IV. CONCLUSION

For all of the foregoing reasons, the Court finds that the Plaintiff's Complaint fails to state a claim for which relief can be granted. It is therefore

**ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss [DE 3] is **GRANTED**. The Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**. If the Plaintiff chooses to file an amended complaint, she must do so within ten (10) days of the date of rendition of this Order.  The Defendants shall have ten (10) days from the date they are served a copy of the amended complaint to file an answer or responsive motion.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of February, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record